Warren Antonio Lee
Register #01160-093
Medical Center for Federal Prisoners
PO Box 4000
Springfield, Missouri 65801-4000

FILED
DISTRICT COURT OF GUAM
DEC 18 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | | |
|---|---|---|
| WARREN ANTONIO LEE | : | |
| Movant, | : | |
| vs. | : | Criminal Case #CR95-0114 |
| UNITED STATES OF AMERICA | : | |
| Respondent. | : | |

### MOTION FOR CORRECTION OF SENTENCE
### PURSUANT TO TITLE 18 U.S.C. §3553(c)

COMES NOW, Warren Antonio Lee [hereinafter "Movant"], and does move this Honorable Court, pursuant to the provisions indicated within Title 18, United States Code, section 3553(c), and grant him a reduction of his sentence based on the recent change in the law.

In support thereof, Movant states the following:

BRIEF HISTORY

On July 5, 1995, Movant and five other individuals were arrested and charged with violations of federal narcotics laws. On July 6, 1995, Movant was arraigned in custody on a federal criminal complaint. Public Defender Robert Hartsock was appointed to represent Movant who was ordered to remain detained.

[-1-]

Movant pled guilty to two Counts of Attempted Importation of Methamphetamine and Attempted Possession with Intent to Distribute Methamphetamine.

On May 24, 1996, Movant was sentenced in the District Court of Guam to a period of 480 months (40 years) incarceration. The court awarded a two level enhancement to Movant for obstruction of justice under U.S.S.G. §3C1.1 and a four level enhancement under U.S.S.G. §3B1.1(a).

In an unpublished Ninth Circuit opinion, the conviction was affirmed. United States v. Lee, 152 F.3d 930, 1998 WL 385416 (9th Cir.Guam).

ARGUMENT

The issue of crack cocaine has been a monumental debate for the last two decades on whether the disparity should parallel that of powder cocaine. And on November 1, 2007, the Sentencing Commission had determined to make the ratio 20:1 oppose to the 100:1 that it had been previously. November 13, 2007, the Sentencing Commission had a meeting to determined whether the 20:1 ration would become "retroactive" and asked Congress challenge whether or not it should; however, due to Congress' failure to respond, the Commission determined December 11, 2007, that all crack, methamphetamine, and some pharmaceutical drugs would be "retroactive" to the extent that it would release some 19,500 inmates from federal prison.

Title 18 U.S.C. §3553(c) -- Statement of reasons for imposing a sentence. The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence-- (1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or (2) is not of the kind or is outside the range. described in subsection

¹
(a)(4) the specific reason for imposition of a sentence different from that described.

Movant had argued before this court that he pled guilty to an information for an offense involving 435.4 grams and such figure should be the drug quantity applied to determine the base offense level. Despite this error, the Offense Level should have been 34 pursuant to USSG §2D1.1(a)(3)(c)(3). Thus, with an Adjusted Offense Level of 38 and a Criminal History Category of IV, the sentencing table indicated a range of 324 to 405 months in prison.

Wherefore, the district court had erred sentencing Movant to 480 months.

To wit, due to recent developments in the change in law for retroactivity as it applies to crack, methamphetamine, and some pharmaceutical drugs, Movant has thus established <u>cause</u>, on incorrect scoring of methamphetamine, <u>prejudice</u>, as it applies to the illegal enhancements, and demonstrated that §3553)c) is the correct vehicle for this court to reduce his sentence to a more appropriate level commensurate with the change in law.


WHEREFORE, Movant prays that this court will consider the argument raised herein and apply appropriate judicial computation in accordance with the law for there is <u>currently no existing case to submit</u> with this motion of reduction.

1. (a)(4) Factors to be considered in imposing a sentence.
   The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.
   The court, in determining the particular sentence to be imposed, shall consider--
(4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense as set forth in the guidelines issued by the Sentencing Commission pursuant to §994(a)(1) of title 28, U.S.C. and that are in effect on the <u>date</u> the defendant is sentenced.

RESPECTFULLY SUBMITTED,
*Warren A. Lee*

[-3-]

CERTIFICATE OF SERVICE

I do hereby certify that I did send through the inmate legal mailing system, a true and accurate MOTION TO CORRECTION OF SENTENCE..., to the clerk of the court, on this 11th day of December, 2007, to the address listed below:

Clerk, U.S. District Court
District of Guam
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910

_____
WARREN ANTONIO LEE