

☐ ORIGINAL

warrenleersp

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM

JAN 1 1 2008

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 95-00114 |
| Plaintiff. | |
| vs. | GOVERNMENT'S RESPONSE TO MOTION FOR CORRECTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3553(c) |
| WARREN ANTONIO LEE, | |
| Defendant. | |

Defendant, WARREN ANTONIO LEE (hereinafter defendant LEE), has filed a motion for reduction of sentence based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. The statutory authority for any reduction for a change of sentence under these circumstances is 18 U.S.C. § 3582(c)(2).

In stating it determination to apply the crack cocaine amendment retroactively, the Sentencing Commission declared that this authority will go into effect on March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date. As will be addressed below, this Court's authority to alter an otherwise final sentence in this case is wholly

1

dependent on the authorization of the Sentencing Commission. Nevertheless, for the convenience of the Court and to facilitate the orderly disposition of any influx of motions resulting from the amendment, the government presents its response at this time.

This amendment is not applicable to the defendant's case, however, because the defendant's case did not involve cocaine base ("crack").

## **BRIEF OVERVIEW**

On July 5, 1995, WARREN ANTONIO LEE and five other individuals were arrested for federal narcotic violations involving methamphetamine. On July 6, 1995, defendant LEE was arraigned in custody on a federal criminal complaint and the Federal Public Defender was appointed to represent defendant LEE. At 5:45 p.m. on July 7, 1995, defendant LEE and his counsel entered a guilty plea to both counts of an information charging him with Attempted Importation of Methamphetamine in violation of Title 21, United States Code, Sections 952(a) and 960, and Attempted Possession with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 846, both counts involving approximately 435.5 grams of crystal methamphetamine or "ice."

On May 24, 1996, the District Court sentenced defendant LEE to 480 months (40 years) of incarceration. The court awarded a two (2) level enhancement to defendant LEE for obstruction of justice under U.S.S.G. § 3C1.1 because he had lied to a probation officer during a pretrial service interview by minimizing his criminal history. The court also awarded defendant LEE a four (4) level enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader of an extensive criminal activity. Defendant LEE filed an appeal to the Ninth Circuit and in 1998 his conviction was affirmed. On July 6, 2000, a Petition for Rehearing En Banc to the Ninth Circuit was rejected.

Generally, absent some retroactive applications of the law or government constitutional violation, motions to attack sentences have a one year limitation period which runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(1).

2

## DEFENDANT'S CASE DID NOT INVOLVE CRACK

The defendant's motion should be denied for the simple reason that his case did not involve cocaine base ("crack"), and he was not sentenced pursuant to the portions of Section 2S1.1 altered by Amendment 706. As stated above, the defendant's offense involved methamphetamine and there has been no change to the guidelines applicable in this case. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statements and its "exclusions" are clear and must be respected: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2). See also id. app. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range.") Because Amendment 706 and all other listed amendments are inapplicable to the defendant, the defendant's motion should be summarily denied.

## GENERAL BACKGROUND ON 18 U.S.C. § 3582(c)(2) AND CRACK COCAINE GUIDELINE CHANGES

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the

3

proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u> - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u> - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if:
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 944(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). <u>See, e.g.</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

4

(3) Limitation - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ___ U.S. ___, 2007 WL 4292040 (2007) that district courts "may consider the Guideline' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

5

cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

## CONCLUSION

For all the reasons stated above, the government respectfully requests that defendant's motion be denied.

Respectfully submitted this 11 day of January, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
FREDERICK A. BLACK
Assistant U.S. Attorney