DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | Criminal Case No. CR-95-00114 |
|---|---|
| Plaintiff, | |
| vs. | **ORDER RE MOTION FOR CORRECTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3553(C)** |
| WARREN ANTONIO LEE, | |
| Defendant. | |

This case is before the court on the Defendant's Motion for Correction of Sentence Pursuant to 18 U.S.C. § 3553(c). Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the court hereby **DENIES** the motion and issues the following decision.

### BACKGROUND

On July 7, 1995, Defendant Warren Antonio Lee ("Lee") was charged in an Information with one count of Attempted Importation of Methamphetamine and one count of Attempted Possession with Intent to Distribute Methamphetamine. *See* Docket No. 1, Information. The Information alleged that the amount of methamphetamine to be approximately 435.4 grams. *See* Docket No. 1, Information. Also on July 7, 1995, Lee pleaded guilty to both counts of the Information. *See*

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

Page 1 of 4

Docket Nos. 3 and 4, Plea Agreement and Minutes. On February 9, 1996, Lee filed a motion to withdraw his guilty plea. *See* Docket No. 34, Motion to Withdraw Plea of Guilty. The motion was denied. *See* Docket No. 43. A sentencing hearing was held on May 24, 1996, and Lee was sentenced to 480 months (40 years) imprisonment for each count, to run concurrently. *See* Docket No. 53, Judgment.[2]

Lee appealed his conviction and sentence on January 25, 1996. *See* Docket No. 54, Notice of Appeal. The Ninth Circuit Court of Appeals affirmed. *See* Docket No. 59, Judgment.

On October 19, 1998, Lee filed a Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255. *See* Docket No. 60. This court denied his petition, finding that he had not proven his claims of duress and incompetency, ineffective assistance of counsel, or his reasserted motion to withdraw his guilty plea. *See* Docket No. 70, Order. Lee then attempted to appeal from this court's order denying the petition. *See* Docket No. 71, Notice of Appeal. He did not request a Certificate of Appealability. This court found that, to the extent Lee's appeal requested such a certificate, the request was denied. *See* Docket No. 72. On March 24, 2000, the Ninth Circuit denied Lee's request for a certificate of appealability. *See* Docket No. 72, Order.

On October 1, 2001, Lee attempted to file a motion for resentencing based on Rule 60(b) of the Federal Rules of Civil Procedure, which the court treated as a second § 2255 motion. *See* Docket No. 75, Order. This court determined that it lacked jurisdiction to rule on the second § 2255 motion absent approval from the Ninth Circuit, and accordingly, denied the Rule 60(b) motion and ordered it stricken from the record. *See* Docket No. 75, Order. Lee appealed the denial to the Ninth Circuit on January 29, 2002. *See* Docket No. 76, Notice of Appeal. Construing the notice of appeal as a

---

[2] The base offense level had been apparently been increased two levels for Obstruction of Justice. *See* Docket No. 52, Minutes. There was also a four level increase due to Lee's role as an organizer/leader. *See* Docket No. 53, Judgment. Section 3B1.1(a) of the Sentencing Guidelines Manual states:

> § 3B1.1 <u>Aggravating Role</u>
> Based on the defendant's role in the offense, increase the offense level as follows:
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by **4** levels.

United States Sentencing Commission, <u>Guidelines Manual</u>, § 3B1.1(a) (Nov. 2007).

petition for certification to file a successive § 2255 motion, this court denied the notice of appeal on March 21, 2002. *See* Docket No. 77, Order.

## DISCUSSION

Lee now files the instant motion to "correct" his sentence, arguing that his sentence should be reduced pursuant to 18 U.S.C. § 3553(c), due to recent changes in the law.[3] *See* Docket No. 78, Motion. Lee argues that changes to the Sentencing Guidelines as relevant to crack cocaine convictions should apply to his convictions on crystal methamphetamine charges. Lee's argument must be rejected.

First, Lee's conviction was for crystal methamphetamine, not crack cocaine. Therefore, the changes to the Sentencing Guidelines that applicable to crack cocaine offenses do not apply to his conviction for crystal methamphetamine.

Reductions to a sentence is governed by federal law, which states in relevant part:

> (c) Modification of an Imposed Term of Imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

---

[3] 18 U.S.C. § 3553(c) states:

(c) Statement of Reasons for Imposing a Sentence.— The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

(1) is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment, except to the extent that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32. In the event that the court relies upon statements received in camera in accordance with Federal Rule of Criminal Procedure 32 the court shall state that such statements were so received and that it relied upon the content of such statements.

18 U.S.C. § 3553 (c).

18 U.S.C. § 3582(c)(2) (emphasis added). The starting point for the court, therefore, is to examine the policy statements of the Sentencing Commission. The Guidelines Manual states:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. 3582(c)(2). <u>If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement and thus is not authorized.</u>

USSG § 1B1.10(a), p.s. (emphasis added).

Lee seems to rely on Amendment 706 to the Sentencing Guidelines, where the Commission articulated that its "policy priority . . . [was] 'continuation of its work with the congressional, executive and judicial branches of the government and other interested parties on cocaine sentencing policy." USSG App. C, Amendment 706, p. 227 (eff. Nov. 1, 2004 to Nov. 1, 2007). Specifically, the Commission explained that Amendment 706 "modifies the drug quantity thresholds . . . so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that <u>include</u> the statutory mandatory minimum penalties. . . . Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels." USSG App. C, Amendment 706, p. 228.

Clearly, Amendment 706 applies only to crack cocaine. Nothing in the Commission's policy statements indicate any intent that it apply to crystal methamphetamine. Contrary to Lee's arguments, nothing in Amendment 706 is applicable to crystal methamphetamine and therefore, "a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement and thus is not authorized." USSG § 1B1.10(a), p.s. There is nothing to "correct" or "reduce" in Lee's 480-month sentence. In fact, granting a reduction of Lee's sentence based on his argument would be contrary to law.

For the foregoing reasons, the motion is **DENIED.**

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Sep 08, 2008