# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| WARREN ANTONIO LEE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 95-00114<br><br>**OPINION AND ORDER RE: MOTION TO CORRECT, ALTER OR AMEND INNACURACY IN PSI REPORT** |

The Petitioner Warren Antonio Lee ("the Petitioner") requests this court order the correction of his presentence investigation report ("PSI report"). *See* Docket No. 83. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for a hearing or oral argument.[1] After review of the submission and relevant authority, for the reasons contained herein, the motion is **HEREBY DENIED.**

On July 7, 1995, the Petitioner pled guilty to an Information charging him with one count of Attempted Importation of Methamphetamine and one count of Attempted Possession with Intent to Distribute Methamphetamine. *See* Docket Nos. 1, 2, and 3. Thereafter, he filed a motion to withdraw his guilty plea, which was denied. *See* Docket Nos. 34 and 43. On May 24, 1996, the Petitioner, through counsel, filed a response to the presentence investigation report. *See* Docket No. 50. This document stated that the Petitioner "has reviewed the presentence investigative report" and, *inter alia*, that he had certain objections to the PSI report entitled

---

[1] Local Civil Rule 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

"Corrections to PSI [presentence investigation] Information." *Id.* Specifically, he objected to certain facts contained in the PSI report: 1) his age, as noted on page 1; 2) the drug quantity weight, as noted on paragraph 26; 3) the sentencing date of another defendant, as noted in paragraph 6A. *See* Docket No. 50. At the sentencing hearing also held on May 24, 1996, the Petitioner was present with counsel. *See* Docket No. 52. The Petitioner was eventually sentenced to 480 months (40 years) imprisonment for each count, to run concurrently. *See* Docket No. 53. Since then, the Petitioner has been unsuccessful in appealing his conviction to the Ninth Circuit Court of Appeals, and in obtaining post-conviction relief from this court and the Ninth Circuit.[2]

Now before the court is the Petitioner's Motion to Correct, Alter, or Amend Inaccuracy in PSI report. *See* Docket No. 83. Specifically, the Petitioner states that the probation officer "misquoted [him] during his pre-sentence interview as saying" that he "was married in the Amsterdam, Netherlands." Docket No. 83. The Petitioner contends that the officer omitted the words "to be" from her report. The Petitioner seemingly argues that he told the officer he was going *to be* married. *See id.* He now requests that the court revise its PSI report "to include the previously omitted words 'to be.'" Docket No. 83. This objection is completely different from the three factual objections he previously raised in the "Corrections to PSI Information" filed before his sentencing. *See* Docket No. 50. The Petitioner did not raise this "omission" before his sentencing. Moreover, he is not renewing the three factual objections that he had previously made. *See id.*

---

[2] The Petitioner appealed his conviction to the Ninth Circuit (Docket No. 54), which affirmed. (Docket No. 59). He then filed a Motion pursuant to § 2255 in this court (Docket No. 60), which was denied (Docket No. 70). He attempted to appeal from the order denying his § 2255 motion (Docket No. 71). Both this court and the Ninth Circuit denied a certificate of appealability (Docket No. 72 and 73). The Petitioner then attempted to file a motion for resentencing, which this court treated as a second § 2255 motion and denied (Docket No. 75). The Petitioner appealed the denial to the Ninth Circuit (Docket No. 76). This court construed the notice of appeal as a petition for certification to file a successive § 2255 motion, and denied the notice of appeal (Docket No. 77). The Petitioner then filed a motion to correct his sentence (Docket No. 78), which this court denied (Docket No. 81).

1  At the time of the Petitioner's sentencing, the Federal Rules of Criminal Procedures in
2  effect provided, in relevant part, that if a defendant withdrew or did not raise an objection to
3  alleged factual inaccuracies in the presentence report at the time of sentencing, then such
4  objection was waived.  *See United States v. Manarite*, 44 F.3d 1407, 1419 (9th Cir. 1995) (citing
5  Fed. R. Civ. P. 32(c)(3)(D)); *see also United States v. Roberson*, 896 F.2d 388, 391 (9th Cir.
6  1990) (recognizing that "Rule 32(c)(3)(D) imposes certain requirements upon the defendant . . .
7  [such as] where factual inaccuracy is alleged, the defendant has the burden of introducing or at
8  least proffering, evidence to show the inaccuracy.").  Rule 32 has since been amended numerous
9  times, but the current rule has retained the burden of requiring the parties to make objections to
10  the PSI report at the time of the sentence.  *See* Fed. R. Crim. P. 32(f) ("Within 14 days after
11  receiving the presentence report, the parties must state in writing any objections, including
12  objections to material information, sentencing guideline ranges, and policy statements contained
13  in or omitted from the report.").
14  As noted, the Petitioner through counsel filed an response to the PSI report which
15  included objections to certain factual statements.  *See* Docket No. 50.  However, nothing in this
16  response can possibly be construed as an objection to the factual statement he now challenges.
17  The Petitioner has not satisfied his burden of proffering evidence to show any inaccuracy in the
18  PSI report, and thus has waived any objection to the PSI report.  Accordingly, his motion is
19  hereby **DENIED**.
20  **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Dec 21, 2009**