# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 95-00114 |
| Plaintiff, | |
| vs. | **ORDER** |
| WARREN ANTONIO LEE, | |
| Defendant. | |

On April 19, 2017, Defendant filed a notice of appeal to the Ninth Circuit Court of Appeals, from this court's order denying as moot Defendant's motion for sentence reduction. Because the notice of appeal was filed more than fourteen (14) days after entry of judgment, it was untimely under Federal Rule of Appellate Procedure 4(b)(1)(A). The notice of appeal was, however, filed within thirty (30) days after the expiration of the time to file the notice of appeal, and thus the court might excuse the delinquency on a finding of good cause or excusable neglect. *See* Fed. R. App. P. 4(b)(4).

The case was remanded for the limited purpose of providing Defendant notice and an opportunity to request that the time for filing the notice of appeal be extended for not more than this thirty-day period, based on excusable neglect or good cause. *See* ECF No. 114. On remand, the court gave Defendant an opportunity to identify any basis for extension. *See* ECF No. 115.

1

Defendant has timely responded to the court's order. *See* ECF No. 116.

Defendant advances two principal justifications for the delay here. First, Defendant was in transit between prisons between March 9, 2017, and March 13, 2017. *See id.* ¶ 3. And second, Defendant's counsel apparently failed to forward, for thirty days, a copy of the court's order denying the motion for sentencing reduction as moot. *Id.*

Findings of good cause and excusable neglect require slightly different analyses. The "good cause" concept has been "construed broadly across procedural and statutory contexts," and has been described as "a non-rigorous standard." *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015). Reasonable mistakes of counsel, local procedural idiosyncrasies, short delay, the absence of prejudice to the opponent, and the absence of bad faith by the movant may all guide a finding of good cause. *Id*. Here, that Defendant was in transit between prisons when the order went out and was to be mailed, that defense counsel may not have been immediately aware of the new address, that defense counsel may have reasonably assumed Defendant would receive a copy of the order independently, and that no suggestions of bad faith or prejudice have arisen all counsel in favor of a finding of good cause here.

Excusable neglect, the Ninth Circuit has explained, includes scenarios where failure to comply with a deadline is attributable to negligence, and it includes omissions occasioned by carelessness. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). The determination is an equitable one, intended to account for all relevant circumstances surrounding the omission. *Id*. The courts typically examine at least four factors, some of which overlap with the good cause considerations: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. Here, for largely the same reasons the good cause evaluation tips in favor of Defendant, so too does the excusable neglect evaluation: no

suggestion of bad faith or prejudice arises, the delay was not overly long, and it appears the omissions of Defendant and defense counsel were careless at worst.

For those reasons, the court finds good cause and excusable neglect, and will **GRANT** Defendant's request that the time for filing a notice of appeal be extended for 30 days from the expiration of the period prescribed by Federal Rule of Appellate Procedure 4(b).

It is **ORDERED** that the Clerk of Court shall send a copy of this order to the United States Court of Appeals for the Ninth Circuit.

It is further **ORDERED** that the Clerk of Court shall serve this order on Defendant at the following address: Reg. No. 01160-093, Federal Medical Center, P.O. Box 15330, Fort Worth, TX 76119.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Dec 18, 2017